United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60145
Summary Calendar

DEBAPRASAD DAS,

Petitioner,

versus

ALBERTO R. GONZALES,
U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28-543-189
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Debaprasad Das, a native and citizen of India, petitions this court to review an order of the Board of Immigration Appeals (BIA) denying him relief under the United Nations Convention Against Torture (CAT). Das contends that he faces torture at the hands of an organized crime syndicate because Das can testify against members of the organization in connection with a series of bombings. Although review of an immigration decision is ordinarily limited to the BIA's decision, when the BIA adopts the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision of the Immigration Judge (IJ), this court may review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). As the BIA adopted the IJ's decision, but added its own reasons, we review both decisions.

Das's contention that the BIA applied the wrong legal standard and relied on inapplicable precedent is without merit. The BIA's decision correctly sets forth the legal standard for a claim under the Convention. See 8 C.F.R. § 208.18(a)(1).

As to Das's claim that the IJ's findings of fact were erroneous, this court will uphold a finding that an alien is not entitled to relief under the CAT if that finding is supported by substantial evidence. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 353 (5th Cir. 2002). The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

The decisions of the BIA and the IJ are supported by substantial evidence, including exhibits demonstrating that the Indian government prosecuted members of the criminal organization as well as Das's testimony that the Indian government is actively pursuing the organization's leader. The record does not compel the conclusion that Indian government officials would inflict, instigate, consent to or acquiesce in Das's torture. See id.; 8 C.F.R. § 208.18(a)(1).

Acordingly, Das's petition for review is DENIED.